Arnold W. Proskin, J.
The defendant, Edward J. Horton, moved this court for general pretrial discovery and relief, which matters have been decided by this court on the record. There remains one aspect of the motion to be determined, however, that being a novel motion directed against the indictment.
The defendant, Edward J. Horton, charged in an indictment which names another individual, with violations of the Penal Law (§ 125.25, subds 1, 3; § 160.15, subds 1, 4; § 120.10, subd 1; and § 265.03), which are the crimes of murder, both common-law and felony murder, robbery in the first degree, assault in the first degree, and possession of a weapon, second degree, respectively. The first five counts of the indictment name both defendants; however, the sixth count, charging illegal possession of a weapon, in violation of section 265.03 of the Penal Law, names only George R. Riley, The defendant, Edward J. Horton, argues that the inclusion of the sixth count, in which he is not named, in the joint indictment is improperly included, under the specific provisions of CPL 200.40 (subd 1), which provides: "Two or more defendants may be jointly charged in a single indictment provided that all such defendants are jointly charged with every offense alleged therein. Even in such case, the court, upon motion of a defendant or the people made within the period provided by section 255.20, may for good cause shown order in its discretion that any defendant be tried separately from the other or from one or more or all of the others.” It is further argued that the appropriate relief upon this application is dismissal of the entire indictment, as against this defendant.
The court has considered defendant’s argument and, after researching the matter, finds no authority for the result which *763 defendant urges. Nor is there any reported case construing CPL 200.40 that is helpful. A fair reading of the statute persuades me that defendant Horton is entitled to some relief as a misjoined defendant, at least as to the last count of the joint indictment, alleging a crime against the codefendant only. I am not persuaded, however, that dismissal of the entire indictment, as against this defendant, is appropriate, particularly in light of the fact that to dismiss the indictment with leave to the prosecution to represent to the Grand Jury has the net effect of creating work for overburdened prosecutors to attain the same result as would be reached if I sever just one count of the indictment. While the defendant argues that misjoinder of defendants, such as occurred here, taints the entire indictment as to the misjoined defendant, I cannot agree.
While the language of CPL 200.40 (subd 1) seems to be restrictive, in that it allows joint indictments "provided that all such defendants are jointly charged with every offense”, the provisions of subdivision 2 are more liberally worded. The latter subdivision, dealing with consolidation of separate indictments on motion by the prosecution, sets forth a rule which allows consolidation, even where the separate indictments contain charges not common to all the defendants. In such an instance, consolidation of only the common charges is authorized, while the remaining counts "remain in existence” in the original, separate indictment. Reading the two subdivisions of CPL 200.40 together, I see a statutory scheme which allows joinder of defendants or consolidation of separate indictments or portions thereof, when appropriate to the fair and speedy disposition of felony cases. Under this statutory scheme there is nothing that indicates that misjoinder of defendants in a single indictment is prejudicial per se. Nor, is there any constitutional problem posed by a misjoinder. Thus, the solution to a misjoinder problem should be a simple one.
It is my opinion that a joint trial of the entire six-count indictment, including the last count which does not involve this defendant, might well be prejudicial to this defendant. It may be that I will grant a motion under CPL 200.40, by either defendant, to sever and try the matters separately, after suppression hearings are held (see People v Payne, 35 NY2d 22). In order to avoid putting the District Attorney to useless duplication of effort, to avoid wasting the time of the Grand Jury, and to avoid establishing a precedent which may work *764 undue hardship on the entire system of criminal justice I order that the last count of this indictment, charging a crime against defendant Riley only, is severed and shall be tried separately from the five counts of the joint indictment.
Count six of the indictment is therefore severed and shall be tried separately.