OPINION OF THE COURT
Ralph Yachnin, J.
Does section 137 and/or 137-a of the Social Services Law prohibit this court from committing the defendant for her failure to comply with a fining order in an enforcement proceeding? That is the question posed on this motion.
In September of 1977 this action was instituted for oil delivered to the defendant in the sum of $253.31. A default judgment was rendered and a subpoena to take the judgment debtor’s deposition was served. On the return date, she failed to appear and in November, 1977 an order to show cause why the defendant should not be held in contempt was served. Once more, the defendant defaulted and bailable attachment was ordered in the sum of $250. The Marshal thereupon *1059 caused the judgment debtor to be physically produced in court and based upon a stipulation entered into with the attorney for the plaintiff the court made an order requiring the defendant to pay $15 a month. The order was not obeyed. As a result of another motion upon which defendant again defaulted, a fining order was entered in the sum of $55. The defendant’s failure to abide by the fining order brought about a motion for a commitment order which was granted, again on default, on April 26, 1979.
The judgment debtor now comes before this court requesting the following relief: (1) Leave to reargue the motion for commitment; (2) Vacating and setting aside the fining order; and (3) Staying the plaintiff from further enforcement on the ground that the defendant’s income is exempt.
The thrust of defendant’s contention is twofold: the first being that due to the fact that she has been a recipient of welfare since 1976, her funds are exempt from execution and consequently she cannot be punished for a contempt. In support thereof, defendant cites Oystermen’s Bank & Trust Co. v Colby (62 Misc 2d 64).
Special Term in Oystermen’s was faced with a defendant who, upon a motion to punish for contempt had her daughter notify the court that she was in poor health and then relate her entire income, both as a recipient from Social Services and from other sources.. The defendant took no such action in this matter. Here there has been default upon default upon default. The only time the defendant came into this court, other than upon this motion, was when the Marshal brought her in. Further, there is no indication in any papers before this court as to what the defendant’s income is or assets are.
By so alluding, this court does not mean to imply that the defendant would now be permitted to set aside all of the prior defaults merely upon a present affidavit of income and assets. However, it is noteworthy that in Oystermen’s (supra), Special Term did have that information after only one default. Further, the court in Oystermen’s (supra), did not have a defendant who voluntarily entered into a stipulation upon which the court order was based.
Since the defendant herein and the court in Oystermen’s (supra) alludes to sections 137 and 137-a of the Social Services Law, a review of it at this time is in order. Section 137 exempts from levy and execution all moneys or orders paid to a public welfare recipient. Section 137-a extends that exemp *1060 tion to the "wages, salary, commissions or other compensation” paid to such person by "an employer.” Obviously, neither of these sections would bar a creditor from attaching income not received from an employer or from executing upon the debtor’s assets. No place in any of the statutes is there the statement or even the innuendo that a welfare recipient is exempt from appearing in enforcement proceedings. It is far from novel to read of one who is the owner of realty while on the welfare roles, or the recipient of funds from sources other than employment which the Social Services Department is unaware of. Surely the law was not enacted to protect these funds and the creditor has a right to explore for them. His attempt must not be frustrated purely on the contention that a defendant is on public assistance. (Prior v Cummingham, 33 AD2d 853, affd 27 NY2d 502; Matter of Banks v Wyman, 39 AD2d 215, 220.)
Consequently, this court holds that merely because a person is a recipient of public welfare does not exempt such person from enforcement proceedings to explore for her assets and income and if she fails to comply therewith, commitment may be ordered.
Defendant’s second thrust is that she has had abdominal surgery for a hernia condition in June, 1978 and has been confined to bed, except for trips to her physician. The moving papers are vague on the details and no doctor’s affidavit is supplied. In addition, it is noted that many of the defaults took place well before the operation. However, it is not this court’s policy to commit one who has defaulted because of a physical disability.
Accordingly, the determination of this motion shall be held in abeyance pending receipt from the defendant of the following on or before July 16, 1979: An affidavit of the defendant’s physician setting forth the condition for which treatment was rendered; when defendant became ambulatory; and when for the first time after June, 1978 she was physically capable of appearing in court. The defendant may submit such other information she deems proper therewith. Plaintiff shall have until July 23, 1979 to submit a reply thereto.