OPINION OF THE COURT
Marvin I. Goodman, J.
The defendant, following trial before a jury, stands convicted of the crime of burglary in the third degree. The People have filed against the defendant a second felony offender statement pursuant to GPL 400.21, alleging previous felony convictions on June 9, 1976 for the crimes of grand larceny in the third degree and an attempt to commit the crime of burglary in the third degree (class E felonies).
For the purpose of determining whether a prior conviction is a predicate felony under Penal Law § 70.06, the sentence must have been imposed not more than 10 years before the commission of the present offense.
As the present offense occurred on October 27, 1986, which is clearly more than 10 years after the defendant’s predicate felony conviction of June 9, 1976, the People rely on the tolling provision of the statute.
Accordingly, "[i]n calculating the ten year period * * * any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration”. (Penal Law § 70.06 [1] [b] [v].)
The defendant, on his June 9, 1976 conviction, received a sentence of one-year incarceration at the Nassau County Correctional Center, which, with discretionary reduction of sentence (Correction Law § 804 [1]), ended on November 9, 1976. The tolling provision, if applicable, would extend the 10-year period to November 9, 1986, and make the defendant a second felony offender by 14 days.
The defendant contests his second felony offender status and raises a question of law which appears to be of novel impression.
After having commenced service of his June 9, 1976 one-year sentence at the Nassau County Correctional Center, the defendant from July 30, 1976 to November 9, 1976 participated in the work release program (Correction Law art 28). *3 And, the defendant maintains that the time period spent in the work release program is more appropriately characterized as time in society-at-large, and, as such, should not toll the statutory 10-year period under Penal Law § 70.06.
A hearing was ordered and held by this court, at which time between the District Attorney (by Assistant District Attorney Wayne Kiernan) and James J. Tini, Esq., the defendant’s attorney, the following stipulation was entered into as to the undisputed facts:
The defendant was sentenced on his prior felonies on June 9, 1976 to a term of incarceration of one year at the Nassau County Correctional Center. He began his incarceration that day and he was imprisoned at the Correctional Center until November 9, 1976. In the interim, on July 30, 1976 he began participation in the work release program. During the day, he reported to a job and after work, he reported back to the Correctional Center, wherein he was incarcerated. The present offense for which he now stands convicted occurred on October 27, 1986.
Pursuant to CPL 400.21 (7) (a) the burden of proof is upon the People and a finding that the defendant has been subjected to a predicate felony conviction must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to a trial of the issues of guilt.
DECISION OF THE COURT
In making its determination as to whether or not work release program time is excluded from the tolling provision of Penal Law § 70.06, this court has examined the language of the following statutes pertaining to work release programs:

Section 870 of the Correction Law:

"The sheriff * * * may establish a work release program pursuant to which prisoners, sentenced to and confined in any county jail under his jurisdiction, may be granted the privilege of leaving confinement for the purpose of working at gainful employment”. (Emphasis supplied.)

Section 877 of the Correction Law:

"while released from the jail of confinement pursuant to the terms of any work release plan * * * when a prisoner is employed by the state or a local municipality, his relationship to the state or local municipality arising out of such employ *4 ment shall be determined in the same manner as if he were a free person so employed.” (Emphasis supplied.)

Section 876 of the Correction Law:

"Nothing in this article shall be construed to prejudice the eligibility of any prisoner participating in a work release program for the purposes of discretionary reduction of sentence, parole or conditional release”.

Section 205.16 of the Penal Law:

"A person is guilty of absconding from temporary release in the second degree when having been released from confinement in a correctional institution * * * to participate in a program of work release, he intentionally fails to return to the institution or facility of his confinement at or before the time prescribed for his return.” (Emphasis supplied.)
The necessary prerequisite to the triggering of the tolling provision of Penal Law § 70.06 is incarceration which, according to Black’s Law Dictionary 685 (5th ed), means: "[ijmprisonment; confinement in a jail or penitentiary.”
Based on the statutory language pertaining to work release programs as found in sections 870 and 877 of the Correction Law and in section 205.16 of the Penal Law, this court finds that during the time the defendant was outside the Nassau County Correctional Center for participation in the work release program, he was not confined or incarcerated.
All of the sections previously noted unequivocally refer to a person in work release status as "having been released from confinement”.
In addition, this court finds that if work release status was considered as confinement, the enactment of section 876¡ of the Correction Law (eligibility for reduction of sentence, parole or conditional release) would have been unnecessary.
While participating in the work release program, the defendant during his work hours was outside the Nassau County Correctional Center and by being continued in the program, demonstrated that he functioned in society in a law-abiding manner (see, People v Orr, 57 AD2d 578), thereby exempting such time from the tolling provision of Penal Law § 70.06.
In computing the time which this court finds to be exempt from the tolling provision, this court has determined that the defendant, between July 30, 1986 and November 9, 1986, was released for an 11-hour period on each of 73 different days.
*5 Accordingly, this court finds that 803 hours, which transposes to 33 days and 11 hours, are exempt from the tolling provision. Thus, the extension of the defendant’s 10-year second felony exposure terminated on October 7, 1986, which date is 20 days prior to the commission of the present offense.
Therefore, this court finds that the defendant has not been subjected to a predicate felony conviction for purposes of enhanced punishment for the present offense.