OPINION OF THE COURT
Pano Z. Patsalos, J.
Defendant Tony Raynor is charged in this indictment, together with codefendant Benjamin Thomas, with the crimes of criminal sale of a controlled substance in the third degree, two counts, and criminal possession of a controlled substance in the third degree, two counts.
By this omnibus motion the defendant has moved for certain pretrial relief, which the court decides, having considered (1) the defendant’s notice of motion and affirmation; (2) the People’s affirmation in response; and (3) the transcript of Grand Jury proceedings.
*577 Defendant’s application regarding inspection of the Grand Jury minutes and, as a result thereof, dismissal of the indictment rendered by that body is granted.
A review of the Grand Jury minutes establishes that the case involving this defendant and his codefendant was presented to the Grand Jury simultaneously with charges involving the commission of a similar crime by another individual. This last mentioned crime was committed at a different date, time and place. The procedure before the Grand Jury resulted in two separate indictments, bearing two separate consecutive indictment numbers (see, People v Walker, indictment No. 91-471). The apparent reason the District Attorney employed this procedure to present testimony and evidence to the Grand Jury was to expedite the cases and to "best utilize” the time of the police undercover officers and the Grand Jury.
Adopting this procedure the District Attorney presented more than one incident against individuals whose alleged acts were totally unrelated as to the respective crimes and were totally unrelated as to date, time and place. The only connecting factor presented to the Grand Jury was that the same undercover police officers made purchases of drugs from all three individuals, albeit at different dates, times and places.
The court is aware that on many occasions the District Attorney presents to the Grand Jury several crimes against an individual which may or may not arise from the same incident and may or may not involve unconnected witnesses and evidence. However, in those incidents the presentation concerns only one indictment against the particular individual or individuals. In this matter before the court, as previously noted, we are not only concerned with different individuals, different transactions and different dates, but different and unconnected indictments.
The procedure here employed by the District Attorney, if condoned, could utilize one undercover witness at one sitting before the Grand Jury to present hundreds of unrelated cases against different defendants which occurred at different dates, times and places, with unrelated testimony and evidence, and which cases are given unrelated and unconnected indictment numbers. In this court’s opinion if such procedure were permitted, the credibility of the People’s witnesses before the Grand Jury would be bolstered and "bootstrapped” in an unwarranted fashion.
Since the Grand Jury is an arm of the court, we have a *578 great responsibility to prevent unfairness in Grand Jury proceedings. (Matter of Spector v Allen, 281 NY 251; People v Ianniello, 21 NY2d 418.) "Unlike other participants in the traditional common-law adversarial process, whose more singular function is to protect and advance the rights of one side, a District Attorney carries an additional and more sensitive burden. It is not enough for him to be intent on the prosecution of his case. Granted that his paramount obligation is to the public, he must never lose sight of the fact that a defendant, as an integral member of the body politic, is entitled to a full measure of fairness. Put another way, his mission is not so much to convict as it is to achieve a just result”. (People v Zimmer, 51 NY2d 390, 393.)
In this court’s opinion, in its role as legal advisor of the Grand Jury, if the court did not condemn the People’s actions in this case, the District Attorney’s procedural abuse of the system might continue unchecked. Therefore, this drastic remedy is mandated even though the court finds no fault with the substance of the People’s case.
The District Attorney may re-present this matter to the Grand Jury within 45 days pursuant to the provisions of CPL 210.45 (9) (d). Defendant’s bail will be continued pending the aforesaid determination by the District Attorney.
Based upon the court’s ruling, the remainder of the defendant’s omnibus pretrial motion is moot.