[610 NYS2d 280]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS TATTA, Appellant.

Second Department, April 4, 1994

## APPEARANCES OF COUNSEL

*Louis Tatta, pro se,* and *Philip L. Weinstein,* New York City *(Steven J. Miraglia* of counsel), for Louis Tatta, appellant.

*Richard A. Brown, District Attorney* of Queens County, Kew Gardens *(Mark Katz, Steven J. Chananie, Robin A. Forshaw, Cheryl Hone* and *John M. Castellano* of counsel), for respondent.

## OPINION OF THE COURT

O'Brien, J.

The defendant escaped from custody while incarcerated in Massachusetts pursuant to a 1972 felony conviction and was not returned to prison to complete his sentence for nearly four years. The issue presented on this appeal is whether the amount of time that the defendant spent as an escapee from custody may be used to toll the 10-year limitation period in Penal Law § 70.06 (1) (b) (iv) for the purpose of determining his status as a second felony offender. We conclude that an escape from custody does not toll the statutory limitation period and consequently find that the defendant was improperly adjudicated a second felony offender.

I

In July 1987, the defendant broke into the Queens apartment of his former girlfriend Arlene Shaw and stabbed her and her sister Lillian before police officers could subdue him. Based on these acts, he was convicted in 1988 of six counts of assault in the first degree, unlawful imprisonment in the first degree, and burglary in the first degree. The defendant was adjudicated a second felony offender based on a 1972 conviction in Massachusetts. The defendant's judgment of conviction was affirmed on appeal *(see, People v Tatta,* 177 AD2d 674), but the matter was remitted to the Supreme Court for resentencing because the predicate felony statement filed by the People failed to comply with CPL 400.21 (2) in that it did not

indicate the time served by the defendant on his prior conviction.*

At the resentencing hearing, the People presented evidence that the defendant had pleaded guilty, *inter alia,* to assault with intent to commit murder and was sentenced on September 8, 1972 to a maximum term of 5 to 10 years' imprisonment in State prison in Massachusetts. He was initially incarcerated at Walpole State Prison but was transferred several months later to a medium-security facility at Concord. On June 21, 1973, the defendant escaped from the Concord facility, and a warrant was issued for his arrest. Nearly four years later, on May 20, 1977, the defendant was returned to prison, and a consecutive one-year suspended sentence for escape was imposed. The defendant was paroled to New York on October 4, 1979.

The resentencing court recognized that the defendant's 1972 conviction was, on its face, too remote in time to serve as the basis for adjudicating him a second felony offender. Penal Law § 70.06 (1) (b) (iv) provides that, in order to qualify as a predicate prior felony conviction, a sentence must have been imposed thereon not more than 10 years before commission of the subsequent felony. Here, 15 years elapsed between the defendant's sentencing in 1972 and his commission of the crimes in 1987. The court determined that the 1972 conviction qualified as a prior felony offense, however, by applying the tolling provision in Penal Law § 70.06 (1) (b) (v): "In calculating the ten year period under subparagraph (iv), any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration". The court tolled the 10-year limitation period for the three years and two months that the defendant was actually incarcerated plus the three years and 11 months that the defendant was at large following his escape from custody, on the ground that an escape interrupts the sentence imposed *(see,* Penal Law § 70.30 [6]). In effect, the court determined that the 10-year limitation period did not begin to run until the defendant's release from prison on October 4, 1979, and, since the second felony was committed within the next 10 years, the

---

* The decision contains a typographical error as the prior conviction was in 1972, not 1975.

defendant was a second felony offender. For the reasons that follow, we find that the court erred.

## II

The goal of the second felony offender statute "is to deter recidivism by enhancing the punishments of those who, having been convicted of felonies, violate the norms of civil society and commit felonies again" *(People v Walker,* 81 NY2d 661, 665). As stated in *People v Orr* (57 AD2d 578), the Legislature can require a prior felon "to demonstrate that he can function in society in a law-abiding manner for a 10-year period in order to avoid being sentenced as a recidivist" *(see also, People v Bell,* 138 AD2d 298, *mod in part* 73 NY2d 153). The result reached by the resentencing court is consistent with this goal, and we reject as specious the defendant's argument that the time he spent as an escapee should not be used to toll the 10-year limitation period because he led a "law-abiding" life when he was at large. Nevertheless, we find that the court's ruling cannot be sustained as it contravenes the plain language of the statute.

A statute should be applied in accordance with its meaning where it is "plain on its face" *(People v Walker,* 81 NY2d, *supra,* at 666; *see, e.g., People v McGill,* 132 AD2d 846 [court did not err in refusing to measure the 10-year period from the date the defendant pleaded guilty to the prior felony since Penal Law § 70.06 (1) (b) (iv) specifically refers to the date of sentencing on the prior felony]). A statute " ' "must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise" ' " *(People v Tychanski,* 78 NY2d 909, 911, quoting *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 548-549), and a court ought not to add to words having a definite meaning or interpret a statute where there is no need to do so *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 76). Penal Law § 70.06 (1) (b) (v) clearly permits a toll of the 10-year period only for "time served" *(see, e.g., People v Varrecchia,* 141 Misc 2d 1 [since a person in work release status has been released from confinement, the hours that the defendant worked outside the correctional facility could not be used to toll the 10-year limitation period]).

Because the statute is unambiguous, it is inappropriate to consider legislative intent *(see, People v Graham,* 55 NY2d

144, 151). In any event, even if we were inclined to consider legislative intent, there is little guidance available. The legislative history is relatively silent as to the 10-year limitation period and the tolling provision (see, People v Love, 129 AD2d 258, 261, affd 71 NY2d 711; People v Kennedy, 128 Misc 2d 937, 941). The Governor's Approval Memorandum indicated that the statute provided that "[t]he alleged second felony offense must occur within 10 years after the defendant was released from a prison term on the first felony" (Governor's Mem approving L 1973, ch 277, 1973 NY Legis Ann, at 4). If the tolling provision had included such language, the 10-year period would not begin to run until a defendant who had escaped from custody completed serving his sentence on the prior felony. The statute, however, does not measure the 10-year limitation period from the release date but instead tolls that period when the defendant is incarcerated for any reason, not just for the prior felony (see, Penal Law § 70.06). Moreover, the Legislature could have explicitly provided in this statute for the treatment of an escape from custody, as it did in the speedy trial statute (see, CPL 30.30 [4] [c]), and its failure to do so is presumed to be intentional (see, People v Tychanski, 78 NY2d 909, supra; McKinney's Cons Laws of NY, Book 1, Statutes § 74; see also, People v Walker, 81 NY2d, supra, at 666 [if the Legislature intended that prior in-State crimes be evaluated for second felony offender purposes in relation to the law at the time of the subsequent crime, as it did with respect to out-of-State crimes, it could have said so explicitly]).

As the statute permits a toll of the 10-year limitation period only for the three years and two months that the defendant was actually incarcerated, his 1972 conviction is too remote to serve as a prior felony for enhanced sentencing purposes. The defendant was therefore improperly adjudicated a second felony offender, and we have modified his resentence accordingly.

### III

With respect to the issues raised by the defendant in his supplemental pro se brief, we find that most of them are not properly before this Court as he failed to obtain permission to appeal the denial of his postjudgment motion (see, CPL 450.15) or cannot be raised on an appeal from a resentencing (see, People v Cahill, 190 AD2d 744; People v Manino, 90 AD2d

777). The remaining issues raised by the defendant concerning his resentencing are either without merit or need not be reached in light of our decision.

THOMPSON, J. P., JOY and ALTMAN, JJ., concur.

Ordered that the appeal from the order dated April 14, 1992 is dismissed as the defendant failed to timely move for leave to appeal from the order denying his postjudgment motion (see, CPL 460.10, 460.30); and it is further,

Ordered that the resentence is modified, on the law and the facts, by vacating the second felony offender adjudication and reducing the minimum term of imprisonment on each count from one half to one third of the maximum term; as so modified, the resentence is affirmed.