OPINION OF THE COURT
 

 Smith, J.
 

 The issue in this case is whether payments made in liquidation of partnership interests and representing the outgoing partners’ share in the amortization of player contracts are payments "for services or for use of capital” within the meaning of section 11-507 of the Administrative Code of the City of New York and, thus, not deductible from the partnership’s unincorporated business gross income.
 

 Petitioner, an Ohio limited partnership with its principal place of business in New York, owns and operates the New
 
 *553
 
 York Yankees major league baseball team. Five limited partners withdrew from the partnership in 1978, 1979 and 1981 and, pursuant to the partnership agreement which allowed retiring partners to receive payments equalling the fair market value of the partnership interests, petitioner paid them in liquidation of their interests. For Federal income tax purposes, petitioner treated the liquidation payments in part as the retiring partners’ distributive share of partnership income, and in part as the retiring partners’ share of the partnership’s unrealized receivables, without regard to the income of the partnership. The latter portion constituted the retiring partners’ shares in player contracts that had been amortized by it in the current year and in prior years. Pursuant to section 736 (a) (2)
 
 [1]
 
 and section 707 (c)
 
 [2]
 
 of the Internal Revenue Code, petitioner claimed a deduction for the guaranteed payments for unrealized receivables for the 1978, 1979 and 1981 tax years on its Federal partnership tax return. Petitioner’s identical claimed deduction for purposes of the City Unincorporated Business Income Tax gave rise to this dispute.
 
 [3]
 

 After an audit for the 1978, 1979 and 1981 tax years, the City’s Department of Finance disallowed petitioner’s claimed deductions and assessed a deficiency of $410,142.99. Thereafter, petitioner filed a deficiency petition and, at the ensuing administrative hearing, the Department of Finance submitted a revised deficiency statement.
 

 The sole issue raised at the hearing was the deductibility, for New York City Unincorporated Business Income Tax purposes, of the portion of the payments attributable to unrealized receivables. Petitioner asserted that the subject payments were deductible from its unincorporated business gross
 
 *554
 
 income under section 11-507 of the Administrative Code, and that section 11-507 (3), which expressly disallows deductions for amounts paid to a partner "for services or for use of capital,” is not a bar since the subject payments were not made for such purpose. The Department of Finance urged that the payments were not deductible under section 11-507 of the City’s tax code because section 707 (c) of the Internal Revenue Code considers "guaranteed payments” to be payments "for services or the use of capital,” and section 11-501
 
 [4]
 
 of the City’s tax code equates the meanings of terms in the Unincorporated Business Income Tax provisions of the Administrative Code with terms used in a comparable context in the Internal Revenue Code. Thus, the Department asserted, the claimed deductions were for payments for services or for the use of capital, which are not deductible for Unincorporated Business Income Tax purposes.
 

 Respondent Commissioner of Finance denied the deficiency petition, finding that although "[n]o portion of the payments were specifically for services rendered to petitioner or interest for use of the liquidating partners’ capital,” the Federal income tax characterization of the payments attributable to unrealized receivables as guaranteed payments for services or for use of capital must have the same meaning for Unincorporated Business Income Tax purposes unless another meaning is clearly intended, and petitioner did not meet its burden of proving that the payments were not for such purpose. The Commissioner concluded that the payments were improperly deducted from petitioner’s unincorporated gross income, and assessed the deficiency at $266,414.85.
 

 Petitioner then commenced this CPLR article 78 proceeding, seeking to annul the Commissioner’s determination. Supreme Court (1) granted the application to annul the determination, (2) concluded that since the Commissioner found that the subject payments were not for services or for use of capital, section 11-507 (3) was improperly applied to deny the deduction for said payments, and (3) remanded the matter to the Department of Finance to recalculate, consistent with its decision, the amount owed or to be refunded. The Appellate Division affirmed, reasoning that petitioner had correctly
 
 *555
 
 deducted the subject payments, which were not for services or for use of capital, from its unincorporated gross income (194 AD2d 314). This Court granted leave to appeal and we now affirm the order of the Appellate Division.
 

 It is settled that if the language of a statute "is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used”
 
 (Patrolmen’s Benevolent Assn. v City of New York,
 
 41 NY2d 205, 208). Section 11-507 (3) of the Administrative Code plainly disallows deductions "for amounts paid * * * for services or for use of capital.” As stated, the payments at issue here constituted unrealized receivables of the partnership, made without regard to partnership income, that were attributable to the retiring partners’ shares in amortized player contracts. We conclude that petitioner correctly claimed a deduction for such payments from its unincorporated business gross income.
 

 Respondent’s assertion that the interplay between the Federal and local tax statutes necessarily leads to the conclusion that the subject payments are for services or the use of capital and, thus, are not deductible for Unincorporated Business Income Tax purposes is untenable. Respondent argues, in essence, that since (1) section 736 (a) (2) of the Internal Revenue Code characterizes payments made in liquidation of a partner’s interest in the partnership as a guaranteed payment described in section 707 (c), (2) section 707 (c) considers guaranteed payments as payments to a partner for services or the use of capital, (3) section 11-501 of the Administrative Code mandates the use of Federal tax law meanings for terms employed in its Unincorporated Business Income Tax provisions, and (4) section 11-507 (3) prohibits the deduction of payments to a partner for services or for use of capital, it necessarily follows that petitioner’s claimed deduction for the subject payments to the retiring partners should not be allowed.
 

 Nothing in the statutory provisions relied on by respondent can be construed to restrict the subject payments to payments for services or the use of capital for City unincorporated business tax purposes. That Internal Revenue Code § 707 (c) gives guaranteed payments the same tax treatment as payments for services or the use of capital does not mean that the guaranteed payments attributable to amortized player contracts at issue here are in fact payments for services or the use of capital within the meaning of the Unincorporated
 
 *556
 
 Business Income Tax provisions of the Administrative Code. Indeed, section 707 (c) does not purport to define guaranteed payments as payments for services or the use of capital. We agree with petitioner that the Federal provisions, rather than being definitional, are intended only to implement the "recapture rule” and prevent taxpayers from benefiting from differences in the tax rates between ordinary income and capital gains when the actual depreciation of an asset is less than the amount amortized.
 

 We have examined respondent’s remaining contentions and conclude that they are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Simons, Titone, Bellacosa and Ciparick concur; Chief Judge Kaye and Judge Levine taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . Internal Revenue Code (26 USC) § 736 (a) (2) provides that payments made in liquidation of the interest of a retiring partner shall be considered "as a guaranteed payment described in section 707 (c) if the amount thereof is determined without regard to the income of the partnership.”
 

 [2]
 

 . Section 707 (c) of the Internal Revenue Code states, "To the extent determined without regard to the income of the partnership, payments to a partner for services or the use of capital shall be considered as made to one who is not a member of the partnership, but only for the purposes of section 61 (a) (relating to gross income) and, subject to section 263, for purposes of section 162 (a) (relating to trade or business expenses).”
 

 [3]
 

 . Pursuant to section 11-507 of the Administrative Code, unincorporated businesses may deduct items of loss directly connected with or incurred in the conduct of the business but may not deduct amounts paid to a partner "for services or for use of capital.” (§ 11-507 [3].)
 

 [4]
 

 . Administrative Code § 11-501 (a) provides, in part, "Unless a different meaning is clearly required, any term used in this chapter shall have the same meaning as when used in a comparable context in [the Internal Revenue Code].”