OPINION OF THE COURT
George D. Marlow, J.
Defendant, Aaron J. Dixon, stands indicted along with a co-defendant, Scott Kiernan, under the first two counts of a four-count indictment. Defendant is accused of the following crimes: criminal sale of a controlled substance in the third degree, a *293 class B felony, in violation of Penal Law § 220.39 (1); and criminal possession of a controlled substance in the third degree, a class B felony, in violation of Penal Law § 220.16 (1). Both counts accuse defendant, Aaron J. Dixon, of aiding, abetting, and acting in concert with one Scott Kiernan.
The third and fourth count of the indictment relate to Scott Kiernan alone in an alleged criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, relating to a separate incident.
Defendant, inter alia, seeks dismissal claiming the Grand Jury proceeding was defective based upon a joinder he says is improper under CPL 200.40. That statute, in pertinent part, provides:
"1. Two or more defendants may be jointly charged in a single indictment provided that:
"(a) all such defendants are jointly charged with every offense alleged therein; or
"(b) all the offenses charged are based upon a common scheme or plan; or
"(c) all the offenses charged are based upon the same criminal transaction as that term is defined in subdivision two of section 40.10; or” (CPL 200.40).
CPL 210.25 (1) provides that an indictment or count thereof is defective within the meaning of CPL 210.20 (1) (a) when: "It does not substantially conform to the requirements stated in article two hundred; provided that an indictment may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment, pursuant to section 200.70, and where the people move to so amend”.
However, CPL 200.70 (2) (d) specifically prohibits amendment for the purpose of curing "[a] misjoinder of defendants.”
The District Attorney has not responded to that branch of defendant’s motion seeking the indictment’s dismissal on this ground.
It is clear from a reading of the cited statutes that this indictment wholly fails to comply with CPL 200.40. Defendant, Aaron J. Dixon, is not charged in the indictment’s third and fourth counts; and indeed those counts relate to an incident occurring on a date and time subsequent to that specified in the first two counts. In that regard, and in response to a separate branch of defendant’s motion, the People at least concede that a severance of this matter for trial is required.
*294 A dearth of case law, on the proper remedy to be imposed for a violation of CPL 200.40, lends little or no guidance in addressing this issue.
The plain and unambiguous language of the applicable CPL sections compels the conclusion that the Grand Jury proceeding was legally defective. Therefore, the court hereby dismisses the resulting indictment pursuant to CPL 210.35.
In People v Riley (81 Misc 2d 761) the court declined to dismiss an indictment for a violation of CPL 200.40, citing undue hardship on the criminal justice system, and, in particular, finding that an order of dismissal with leave to re-present would have "the net effect of creating work for overburdened prosecutors”. (People v Riley, supra, at 763.) However, there is no statutory support for that view. Had the Legislature intended to include "undue hardship” as a reason to decline to dismiss an indictment for this reason, the lawmakers presumably would have said so. (People v Tatta, 196 AD2d 328, lv denied 83 NY2d 972.)
Under the circumstances of this case, the court cannot adopt the statutorily unsupportable reasoning of People v Riley (supra.) First, the defendant is charged with acting in concert with a codefendant in connection with the sale and possession of a controlled substance. Therefore, evidence of a separate and similar drug sale by a codefendant is clearly improper and unduly prejudicial as the Riley court concedes (cf., People v Raynor, 154 Misc 2d 576). Secondly, assuming arguendo that the fact of an undue burden on the People in re-presenting this relatively simple and brief case to the Grand Jury is a valid factor to consider, it is clearly outweighed by the potential prejudice to the defendant. The court emphasizes that this was a straightforward Grand Jury presentation.
Lastly, and perhaps of equal significance, the People failed to set forth any opposition to this branch of defendant’s motion.
Therefore, the motion to dismiss counts 1 and 2 of the indictment as to the defendant, Aaron J. Dixon, is granted with leave to the People to re-present these counts to a subsequent Grand Jury should they deem it advisable.
[Portions of opinion omitted for purposes of publication.]