■ BUCHBINDER TUNICK & COMPANY, Petitioner, v TAX APPEALS TRIBUNAL OF THE CITY OF NEW YORK et al., Respondents. [739 NYS2d 57] —Determination of respondent Tax Appeals Tribunal of the City of New York, dated June 14, 2000, affirming the determination of the Administrative Law Judge, dated March 30, 1999, which sustained notices of disallowance issued by respondent Commissioner of Finance of the City of New York, denying petitioner's claims for refunds of a portion of unincorporated business tax paid by it in each of the years 1987 through 1994, unanimously annulled, without costs, and the petition granted.

Petitioner sought refunds of a portion of business tax based on a claim that it was entitled to deduct from its income in each of the aforementioned years certain installment payments made to retired partners since, pursuant to the Partnership Agreement, such payments were made to extinguish the retired partners' ownership interests in the partnership. The retired partners were to receive the amount in their capital accounts computed on an accrual basis in exchange for their ownership interests in the entity.

Section 11-507 (3) of the Administrative Code of the City of New York expressly prohibits deductions for amounts paid to partners for services (see also, 19 RCNY 28-06 [d] [1] [i] [B], Example c). The payments in question, however, were not for services the retired partners may have performed for the partnership since the Partnership Agreement specified that such payments were to be calculated as the retiring partner's pro-rata share of the partnership's unrealized receivables from its clients for services rendered by the partnership, not services rendered by the retiring partner.

Even if the retiring partner had performed no services for the partnership in the year preceding retirement, a payment would still have been made based on the unrealized receivables generated by the remaining partners and employees of the partnership. The retiring partner's payment, then, was not based on her or his services but on a pro rata share. The language of the applicable tax provisions are clear and unambiguous and petitioner's claims should have been granted (*Matter of New York Yankees Partnership v O'Cleireacain*, 83 NY2d 550, 555). Concur—Tom. J.P., Sullivan, Rosenberger, Wallach and Buckley, JJ.