OPINION OF THE COURT
Smith, J.
The issue presented in this case is whether payments made in liquidation of partnership interests, which constitute the retiring partners’ pro rata share of the partnership’s unreal *391 ized receivables, are payments “for services or for use of capital” within the meaning of section 11-507 (3) of the Administrative Code of the City of New York and thus not deductible from the partnership’s unincorporated business gross income. We conclude that the payments here may not be deducted because they are compensation for the retiring partners’ services to the partnership.
Petitioner is a public accounting partnership organized under the laws of New York. Under the terms of its partnership agreement, each partner is required to contribute capital upon admission to the partnership. The agreement also requires each partner to devote his or her full time to the affairs of the partnership. The failure of a partner to perform services for the partnership would constitute a material breach of the partnership agreement, and could result in the partner’s expulsion from the partnership and forfeiture of the right to participate in the profits of the partnership.
Additionally, the partnership agreement requires that the income of the partnership be reported on a cash basis for purposes of both taxes and the partnership books. At the end of each fiscal year, the partnership books close, at which time a financial report is prepared on an accrual basis and distributed to each partner. Such financial reports are “determinative, as among the partners, of profit and loss for remuneration purposes, * * * the basis of distribution on termination of Partnership, and for valuation of a Partner’s capital account in the event of death or withdrawal or retirement of the Partner from the Partnership” (Articles of Partnership § 8.4).
According to the partnership agreement, a partner’s retirement terminates his or her interest in the partnership, and the partnership books close at the end of the fiscal quarter of the partner’s retirement. At that time, a financial report on an accrual basis is prepared. The partnership is required to pay outright the retiring partner’s cash basis capital account as reflected in the last partnership tax return. The net balance— the accrual basis account minus the cash basis account — must be paid to the retiring partner in 60 consecutive equal monthly installments. Both parties stipulate that this net balance represents the retiring partner’s pro rata share of the partnership’s unrealized receivables, consisting of payments due to, but not yet collected by, the partnership for services rendered to its clients.
Petitioner timely filed unincorporated business tax returns with the New York City Department of Finance from 1987 to *392 1994 and paid the tax due. In 1995, petitioner filed a claim seeking a refund for each of those years, totaling $57,189. The refund claim was based on unincorporated business tax deductions not previously taken for installment payments of unrealized receivables made to retiring partners in liquidation of their partnership interests. The Department of Finance issued a notice of disallowance for the entire refund claimed. After a conciliation conference failed to resolve the dispute, petitioner filed a petition for allowance of refund or credit, and a hearing before an Administrative Law Judge (ALJ) ensued.
The sole issue raised at the hearing was the deductibility, for New York City unincorporated business tax purposes, of the payments of unrealized receivables to the retiring partners. Petitioner asserted that the payments were made in liquidation of the retired partners’ interests in the partnership, and were merely measured by their pro rata share of the partnership’s unrealized receivables. According to petitioner, that the unrealized receivables were generated by the partnership’s services to its clients was irrelevant because the payments issued to the retiring partners were not compensation for services they had rendered, but were liquidation payments made in exchange for an intangible asset. Thus, petitioner argued, section 11-507 (3) was inapplicable. The Department of Finance urged that the payments were not deductible under section 11-507 (3) of the Administrative Code because the payments in liquidation of the partnership interests were, in substance, compensation for the retiring partners’ services to the partnership.
The ALJ denied the petition and concluded that the payments were not deductible. Specifically, the ALJ found that the payments represent the retiring partners’ “pro rata portion of the unrealized receivables payable for services rendered by Petitioner’s partners, * * * i.e., that same percentage that they would have received had they remained active partners.” The ALJ further reasoned that petitioner’s contentions would render section 11-507 (3) “virtually meaningless” in the context of payments in liquidation of partnership interests, because under petitioner’s reasoning, “any liquidation payment, regardless of what it is attributed to, would not be subject to the Code section 11-507 (3) limitations on deductibility.” Petitioner filed an exception to the determination with respondent New York City Tax Appeals Tribunal, which subsequently affirmed the determination.
Petitioner then commenced this CPLR article 78 proceeding to challenge respondent’s determination. Citing this Court’s *393 decision in Matter of New York Yankees Partnership v O’Cleireacain (83 NY2d 550 [1994]), the Appellate Division annulled the determination and granted the petition, reasoning that “[t]he payments * * * were not for services the retired partners may have performed for the partnership since the Partnership Agreement specified that such payments were to be calculated as the retiring partner’s pro-rata share of the partnership’s unrealized receivables from its clients for services rendered by the partnership, not services rendered by the retiring partner” (292 AD2d 217, 217 [2002]). The Court further reasoned that the payments would have been made to the retiring partners even if they had performed no services for the partnership for the year preceding retirement. The Court thus concluded that the payments were deductible. This Court granted leave to appeal, and we now reverse the order of the Appellate Division.
It is well settled that where the language of a statute “is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Yankees Partnership, 83 NY2d at 555, quoting Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208 [1976]). Section 11-507 (3) of the Administrative Code plainly prohibits deductions “for amounts paid or incurred to a proprietor or partner for services or for use of capital.” As stipulated by both parties, the payments at issue here constitute the retiring partners’ pro rata share of the partnership’s unrealized receivables for services rendered by the partnership to its clients. Moreover, according to the partnership agreement, reports prepared on an accrual basis are determinative of the partners’ profits and losses for remuneration purposes and for the valuation of a retiring partner’s capital account. In other words, the payments are money not yet paid from the partners’ accrual basis account, which constitute remuneration for their services to the partnership. Accordingly, the payments here fall squarely within the meaning of section 11-507 (3), and the payments are therefore not deductible.
The lower court’s assumption that the payments did not compensate the retiring partners for their services to the partnership was erroneous in that it failed to recognize that partners generally are not compensated through a fixed wage or salary for specified services. Rather, the most common method of compensating partners for their services to a partnership is through profit-sharing {see Partnership Law §40 [1]; § 11 [4]). Moreover, the Appellate Division’s determi *394 nation that the retiring partner could have collected a pro rata share of the unrealized receivables even if he or she had not worked that previous fiscal year runs counter to the provisions of the partnership agreement. Under the agreement, a partner’s failure to provide services to the partnership would constitute a material breach of the agreement, for which the partner could lose entitlement to participate in the profits of the partnership.
This case is readily distinguishable from Yankees Partnership. The payments at issue in that case were not for services or for use of capital, but rather were attributed to the retiring partners’ shares in amortized player contracts. It was for this reason that section 11-507 (3) did not apply (83 NY2d at 555). However, the payments at issue here are not deductible because they are remuneration for services rendered by the retiring partners to the partnership.
Petitioner’s argument that section 11-507 (3) is inapplicable because the payments were made in liquidation of the retiring partners’ interests in the partnership and were merely measured by their pro rata share of the partnership’s unrealized receivables is unpersuasive. While the payments were made in order to settle the retiring partners’ interests in the partnership, the payments were simply the money to which the retiring partners were entitled for services they had rendered for the partnership. As correctly noted by the ALJ, the retiring partners would have been entitled to those payments had they remained active members in the partnership.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Chief Judge Kaye and Judges Ciparick, Rosenblatt, Graffeo and Read concur.
Order reversed, etc.