■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY O'GARRA, Also Known as ANTHONY O'GARRO, Appellant. [791 NYS2d 538]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J., at hearing; Michael A. Gross, J., at jury trial and sentence), rendered February 28, 2001, convicting defendant of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 24 years to life, and order, same court (Michael A. Gross, J.), entered on or about November 20, 2003, which denied defendant's CPL 440.20 motion to set aside the persistent violent felony offender adjudication and sentence, unanimously affirmed.

The court properly denied defendant's motion to suppress evidence of a showup identification. Less than an hour after the robbery, the police brought the victim to a nearby location where they expected defendant to be present. When defendant arrived and drove away in a car that the victim recognized as the getaway car, the police followed, still accompanied by the victim. The victim identified defendant during the pursuit, and identified him again immediately after he was captured, handcuffed and placed in a kneeling position. Under the circumstances, the showup identification after defendant was apprehended was the result of an "unbroken chain of fast-paced events" and was not unduly suggestive (*People v McCorkle*, 272 AD2d 273, 274 [2000], *lv denied* 95 NY2d 936 [2000]).

The court properly denied defendant's motion to preclude, for lack of CPL 710.30 (1) (b) notice, the identification made by the victim while riding in the pursuing police car moments before the duly noticed showup identification (*cf. People v Cooper*, 78 NY2d 476, 484 [1991]). In any event, were we to find that the lack of notice of the initial identification warranted suppression, we would find the error to be harmless.

The court properly exercised its discretion in admitting a tape of a 911 call made by a nontestifying declarant who had placed the call for the victim, who had been too nervous to place the call herself. The call contained descriptions of the robbers and of the getaway car. It was clear to the jury that the caller was not an identifying witness, and the court gave careful limiting instructions advising the jury that the tape was not admitted for its truth, but as background information explaining police actions (*see People v Tosca*, 98 NY2d 660 [2002]). There was a legitimate, nonhearsay purpose for this evidence, and it did not cause any prejudice (*see United States v Reyes*, 18 F3d 65, 70-71 [2d Cir 1994]).

Similarly, the court properly exercised its discretion when it ruled that if defendant made use of the victim's statement to a defense investigator that the police had acted "as if they had already known who it was" when they took her to the location where she saw defendant entering the alleged getaway car, this would open the door to evidence of a confidential advance warning the police had received concerning defendant's plan to commit the robbery (*see United States v Ramos*, 861 F2d 461, 468 [6th Cir 1988], *cert denied sub nom. Longmire v United States,* 489 US 1071 [1989]). This remark by the victim, if left unexplained, would have placed an unsolved mystery before the jury as to what she was referring to, and would have invited unfair speculation and suspicion as to why the police singled out defendant and arranged a confrontation between him and the victim. In any event, defendant chose not to use the victim's comment, and the fact that the court's ruling caused him to make that choice did not have any adverse impact on his defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was triggered solely by his criminal record, and not by any facts requiring submission to a jury (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

Defendant was correctly adjudicated a persistent violent felony offender, and his CPL 440.20 motion was properly denied in all respects. We agree with the motion court's detailed findings and conclusions. Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ. [*See* 1 Misc 3d 901 (A), 2003 NY Slip Op 51457(U) (2003).]