■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING A. CAGLE, Appellant. [809 NYS2d 332]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 22, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a guilty plea, of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). The sole contention of defendant on appeal is that he was improperly adjudicated a second felony offender. Specifically, defendant contends that the tolling provision under Penal Law § 70.06 (1) (b) (v) does not apply to time served while in a day-reporting work release program. We reject that contention.

In determining whether a prior conviction is a predicate felony for purposes of second felony offender status, the sentence imposed upon the prior felony conviction "must have been imposed not more than ten years before the commission of the [present] felony" (Penal Law § 70.06 [1] [b] [iv]). That time period is tolled, however, for "any period of time during which the person was incarcerated" (§ 70.06 [1] [b] [v]). We conclude that the tolling provision applies to the period of time in which defendant was in the day-reporting work release program inasmuch as he remained under the control and custody of the Department of Correctional Services. Furthermore, the period of time in which defendant was in that program was credited toward his sentence of imprisonment. We thus conclude that the tolling provision applies thereto (*see People v O'Garra*, 16 AD3d 251, 253 [2005] [*affg* 1 Misc 3d 901(A), 2003 NY Slip Op 51457(U), \*23-24], *lv denied* 5 NY3d 766 [2005], *cert denied —* US —, 126 S Ct 627 [2005]) and that defendant therefore was properly adjudicated a second felony offender.

All concur except Martoche and Pine, JJ., who dissent and vote to reverse the judgment insofar as it imposes sentence in accordance with the following memorandum.

Martoche and Pine, JJ. (dissenting). We respectfully dissent. "It is well settled that where the language of a statute 'is clear and unambiguous, [courts] should construe it so as to give effect to the plain meaning of the words used' " (*Buchbinder Tunick & Co. v Tax Appeals Trib. of City of N.Y.*, 100 NY2d 389, 393 [2003], quoting *Matter of New York Yankees Partnership v O'Cleireacain*, 83 NY2d 550, 555 [1994]; *see Matter of Orens v*

*Novello*, 99 NY2d 180, 185 [2002]). " 'It is not allowable to interpret what has no need of interpretation, and when words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or expand the meaning. . . . Courts cannot correct supposed errors, omissions or defects in legislation' " (*Meltzer v Koenigsberg*, 302 NY 523, 525 [1951]).

Pursuant to Penal Law § 70.06, a prior felony conviction constitutes a predicate felony conviction for the purpose of determining whether a defendant is a second felony offender where, inter alia, the sentence was imposed "not more than ten years before commission of the felony of which the defendant presently stands convicted" (§ 70.06 [1] [b] [iv]). "In calculating the ten year period under subparagraph (iv), any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (§ 70.06 [1] [b] [v]). Thus, the statute tolls the 10-year period only during periods of "incarceration."

In affirming the judgment herein, the majority includes the period of time in which defendant was in a day-reporting work release program as a period of "incarceration" for purposes of the statute. We disagree with the majority and instead agree with the Second Department that the statute is unambiguous and applies only to a defendant who is physically incarcerated (*see People v Tatta*, 196 AD2d 328, 331 [1994], *lv denied* 83 NY2d 972 [1994]; *see also People v Varrecchia*, 141 Misc 2d 1 [1988]; *cf. People v O'Garra*, 1 Misc 3d 901[A], 2003 NY Slip Op 51457[U], *23-24, *affd* 16 AD3d 251 [2005], *lv denied* 5 NY3d 766 [2005], *cert denied* — US —, 126 S Ct 627 [2005]). In *Tatta* the Second Department excluded from the tolling provision time spent as an escapee on the ground that the defendant was not physically incarcerated while an escapee (196 AD2d at 329).

Inasmuch as the language of the statute is clear and unambiguous on its face, we see no need to look to other sources to discern the Legislature's intent in enacting the tolling provision (*cf. id.* at 331-332). While we agree with the majority that defendant remained in the control and custody of the Department of Correctional Services, we conclude that such control and custody is not the equivalent of incarceration for purposes of the statute (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]). A person who is incarcerated necessarily is in the control and custody of law enforcement officials, but a person who is in the

control and custody of law enforcement officials is not necessarily incarcerated. Thus, we would reverse the judgment insofar as it imposes sentence and remit the matter to County Court for resentencing consistent with our decision herein. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.