OPINION OF THE COURT
David Elliot, J.
It is ordered that the motion is determined as follows:
Defendant is the judgment debtor herein, based upon a default judgment obtained against him in favor of plaintiff, in the amount of $17,093.63. Plaintiff judgment creditor served an execution with notice to garnishee, dated July 24, 2012, upon the New York City Human Resources Administration (HRA), declaring that “it appears that you are indebted to the judgment debtor . . . .” The HRA has identified the purported funds to which plaintiff refers; those payments are public assistance rent subsidy checks which are issued on behalf, and for the benefit, of public assistance recipients (one of those recipients being the tenant residing in the premises presumably owned by defendant judgment debtor herein). Those subsidy payments are disbursed to defendant on the welfare recipient’s behalf (in the form of welfare assistance checks) to secure housing for said recipient. The HRA seeks vacatur of the restraining notice on the ground that plaintiff is statutorily prohibited from attaching the shelter subsidy benefits to satisfy its judgment, pursuant to Social Services Law § 137. Section 137, entitled “Exemption from levy and execution,” states the following: “All moneys or orders granted to persons as public assistance or care pursuant to this chapter shall be inalienable by any assignment or transfer and shall he exempt from levy and execution under the laws of this state” (emphasis added). Moreover, CPLR 5222 (governing restraining notices), specifically states, in subdivision (e) (3) thereof, that' state and federal law prevents “certain money or property from being taken to satisfy judgments” (emphasis added), which includes “[p]ublic assistance (welfare).” Plaintiff avers that the Social Services Law (and the case law relied upon by the HRA) is inapplicable because the statute does not proscribe enforcement of a judgment when the judgment debtor is not the recipient of public assistance, as is the case herein. Plaintiff further indicates, relying upon CPLR 5207* that “[w]hen the state is a mere garnishee — when it has posses *397 sion of property belonging to the judgment debtor or owes a debt to the judgment debtor — the State becomes subject to Article 52 procedures.”
As a preliminary matter, it is noted that defendant judgment debtor was not served with the instant motion in this matter; however, as a defaulting defendant, he need not have been served with same (CPLR 5240, 3105).
The issue of whether exemption from levy or execution applies when the judgment debtor is not the recipient of welfare benefits appears to be one of first impression. It is further noted that the HRA has represented to the court that plaintiffs service of the execution with notice to garnishee upon the former is “unprecedented.” The case law on the subject appears to deal exclusively with circumstances in which the judgment debtor himself or herself is the recipient of welfare benefits, in which case it is clear that such benefits are exempt (see Matter of Rose v Moody, 83 NY2d 65 [1993]; Prior v Cunningham, 27 NY2d 502 [1970]; Evans v Sturdivant, 99 Misc 2d 1058 [1979]; Consumer Credit Corp. v Lewis, 63 Misc 2d 928 [1970]). However, it is noted that those cases all state (citing Social Services Law § 137) that it is the monies which are exempt from execution. Indeed, the court must give effect to the plain meaning of the statute, and where the statute is clear and unambiguous, the court should construe same to give effect to the plain meaning of the words (see Buchbinder Tunick & Co. v Tax Appeals Trib. of City of N.Y., 100 NY2d 389 [2003]; Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475 [2001]).
With that in mind, the legislature was clear in that regard: the exemption applies to the monies themselves which are granted to persons as public assistance. The legislature did not qualify the language of statute or provide any exception thereto, i.e., that a creditor may levy monies which are ultimately to be received by a judgment debtor who is not the welfare recipient. It should be noted that plaintiffs contention — that the rent subsidy is property of the judgment debtor, thereby rationalizing its position that it is entitled to execution — is simply not supported by any authority. The rent subsidy is clearly property of the welfare recipient (who is entitled to the benefit), albeit that the monies are to be utilized for the payment of rent to the judgment debtor. Stated differently, the HRA is not a garnishee of the judgment debtor; it neither owes the landlord a debt nor is in possession of property of the landlord, since the rent subsidies — funded by taxpayers — are monies issued for the ben *398 efit of the welfare recipient and not the landlord. It is noted that the exception would appear to no longer apply once the rent subsidy checks are endorsed by the judgment debtor; certainly at that point, those monies become the property of the judgment debtor and are subject to any enforcement remedies which are statutorily available to the judgment creditor.
Accordingly, the motion by the HRA is granted. The restraining notice to garnishee and information subpoena, dated July 14, 2012, are hereby vacated.

 This statute allows judgment creditors the right to garnish payments from the state to a judgment debtor “except where otherwise prescribed [sic] by law.”