■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. SMITH, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered July 8, 1985, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to burglary in the third degree in

full satisfaction of five separate indictments, containing 11 theft-related counts. He was sentenced to a term of 2 to 4 years of imprisonment as a second felony offender. On this appeal, defendant maintains that County Court failed to comply with the procedure for determining second felony offender status as set forth in CPL 400.21. Our review of the record indicates otherwise.

County Court was not obligated to expressly advise defendant of his right to contest the constitutionality of the prior conviction (see, People v Leonard, 109 AD2d 754, 755; People v Lattmen, 101 AD2d 662, 663; People v Collins, 100 AD2d 691). Nor are we persuaded that the People failed to provide timely notice of their intent to pursue second felony offender treatment. The record indicates that the requisite felony offender statement was filed on the day of sentencing (see, CPL 400.21 [2]), and that no request for an adjournment was made (see, CPL 400.21 [6]). Defendant, who was represented by counsel, expressly confirmed the validity of the prior felony conviction. The plea minutes further indicate that sentencing as a second felony offender was anticipated as part of the plea bargain. It is clear that the People substantially complied with the dictates of CPL 400.21 (2) and that defendant was properly sentenced as a second felony offender (see, People v Harris, 61 NY2d 9, 20).

Defendant's further contentions are without merit. The fact that defense counsel failed to make written motions on his behalf does not substantiate defendant's assertions of inadequate representation (see, People v Tommaselli, 102 AD2d 943). To the contrary, the record before us (see, People v Van Gordon, 112 AD2d 618) and the favorable plea bargain obtained indicate that counsel provided more than adequate representation (see, People v Kelsch, 96 AD2d 677, 678). Nor do we find any impropriety in the sentence, which is the very minimum authorized by law (Penal Law § 70.06 [3] [d]; [4] [b]). The record belies defendant's assertion that County Court failed to consider the needs of his family. While the sentence was more severe than that imposed on certain of his codefendants, the fact remains that defendant was involved in more criminal activities and was a convicted felon.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.