■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIEGO CORTEZ, Appellant. [647 NYS2d 206] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered November 2, 1994, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see*, *Anders v California*, 386 US 738; *People v Saun-*

*ders*, 52 AD2d 833). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice.

Defendant was properly sentenced as a second felony offender. We reject defendant's claim, made in his *pro se* supplemental brief, that a period of pretrial detention should not have been included in the toll of Penal Law § 70.06 (1) (b) (v). Since this period was credited toward a sentence, there is not even a colorable constitutional argument to be made in this regard, even if we were to adopt the reasoning of *People v Kennedy* (128 Misc 2d 937). Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.