■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MCEACHERN, Appellant. [712 NYS2d 51] —Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Kings County (Barbaro, J.), imposed June 23, 1999, on the ground that the sentence is illegal.

Ordered that the amended sentence is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in adjudicating him a second felony offender based upon a December 8, 1986, conviction of the crime of grand larceny in the third degree. Penal Law § 70.06 (1) (b) (iv) provides a 10-year time limitation on the use of a prior felony for the purpose of enhancing punishment with respect to a subsequent conviction. However, the statute also contains a tolling provision, which states that "[i]n calculating the ten

year period under subparagraph (iv), any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (Penal Law § 70.06 [1] [b] [v]). Accordingly, for purposes of measuring the 10-year limitation period, the plain language of the statute requires the court to exclude any period of incarceration served by the defendant after the commission of the prior felony, including time served while awaiting trial and sentencing on the prior felony (see, People v Cortez, 231 AD2d 450; People v Tatta, 196 AD2d 328). Here, the record demonstrates that after his commission of the prior felony, the defendant was incarcerated for a period of nearly three years. Excluding that period of incarceration, less than 10 years elapsed from December 8, 1986, when the defendant was sentenced for the prior felony, and August 20, 1998, when he committed the instant felony. The defendant was thus properly sentenced as a second felony offender. Mangano, P. J., O'Brien, Thompson, Krausman and Feuerstein, JJ., concur.