(July 10, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOLMAN, Appellant. [861 NYS2d 212]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 14, 2006, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).

Following his conviction of six felonies committed in 2005, defendant was sentenced as a second felony offender to 12 years of imprisonment followed by three years of postrelease supervision. Defendant now appeals, contending that County Court erred in adjudicating him a second felony offender because more than 10 years had passed since he was sentenced in 1991 on prior convictions of attempted murder in the second degree and robbery in the second degree. We now affirm.

Penal Law § 70.06 (1) (b) (iv) imposes a 10-year time limitation on the use of a prior felony conviction as a predicate for the purpose of enhancing punishment upon a subsequent felony conviction. The statute also contains a tolling provision stating: "In calculating the ten year period . . . , any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (Penal Law § 70.06 [1] [b] [v]). Accordingly, County Court properly excluded the entire period of incarceration served by defendant after the commission of the prior felonies, including time served while awaiting trial and sentencing for those crimes (see People v Cagle, 26 AD3d 735, 736 [2006], affd 7 NY3d 647 [2006]; People v McEachern, 275 AD2d 330, 330-331 [2000], lv denied 95 NY2d 966 [2000]; People v Cortez, 231 AD2d 450, 451 [1996], lv denied 89 NY2d 863 [1996]).

Further, defendant has not demonstrated a clear abuse of County Court's discretion or extraordinary circumstances warranting a modification of his sentence on the ground that it is harsh and excessive, particularly in light of his criminal history (see e.g. People v Young, 13 AD3d 716, 718 [2004]; People v Parson, 209 AD2d 882 [1994], lv denied 84 NY2d 1014 [1994]).

Mercure, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.