*1136 Appeal by the defendant from a resentence of the Supreme Court, Queens County (Mullings, J.), imposed February 27, 2009, upon his conviction of rape in the first degree (two counts), upon his plea of guilty.
Ordered that the resentence is affirmed.
The Supreme Court acted within its inherent power when it resentenced the defendant to the same sentence it had imposed previously, but added an express provision that, as required by Penal Law § 70.25 (2-a), the sentence was to run consecutively to an undischarged indeterminate sentence that had been imposed in 1994 (see People v Minaya, 54 NY2d 360, 365 [1981], cert denied 455 US 1024 [1082]; People v Johnson, 67 AD3d 597, 597 [2009]; cf. People v DeValle, 94 NY2d 870, 871 [2000]; People v Wright, 56 NY2d 613, 614 [1982]). The resentence did not change the substance of the sentence (see CPL 430.10; cf. People v Richardson, 100 NY2d 847, 853 [2003]), but merely made express what Penal Law § 70.25 (2-a) already deemed the Supreme Court to have done when it initially sentenced the defendant (see People ex rel. Gill v Greene, 12 NY3d 1, 6 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]). Skelos, J.P, Balkin, Leventhal and Cohen, JJ., concur.