(July 18, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WOOD, Appellant. [968 NYS2d 744]—

Egan Jr., J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 27, 2010, upon a verdict convicting defendant of the crime of rape in the second degree.

Following a jury trial, defendant was convicted of rape in the second degree and thereafter was sentenced, as a second violent felony offender, to seven years in prison followed by five years of postrelease supervision. Defendant appeals, contending only that he was illegally sentenced as a second violent felony offender due to County Court's failure to advise him of his right to challenge the allegations contained in the predicate felony statement (*see* CPL 400.21 [3]), including his right to challenge the constitutional basis for the prior conviction.

Contrary to defendant's assertion, "County Court was not ob-

ligated to expressly advise defendant of his right to contest the constitutionality of the prior conviction" (*People v Smith*, 121 AD2d 771, 772 [1986] [citations omitted]; *see People v West*, 140 AD2d 852, 852 [1988]; *People v Collins*, 100 AD2d 691, 691 [1984]). Further, the sentencing minutes reflect that defendant, who was represented by counsel, admitted the prior conviction for assault in the second degree and, in response to questioning by County Court, stated that he did not contest any of the allegations contained in the predicate felony statement. Under these circumstances, we conclude that County Court substantially complied with the requirements of CPL 400.21 (3) and that defendant was properly sentenced as a second violent felony offender (*see People v Ellis*, 53 AD3d 776, 777 [2008]).

Lahtinen, J.P., Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.