# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

310

KA 12-00467

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

LARRY COLLINS, JR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

LARRY COLLINS, JR., DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 18, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that the order of protection issued in conjunction with sentencing is invalid because it exceeds the maximum permissible duration of such an order under the version of CPL 530.13 in effect when he was sentenced. Although that contention survives defendant's valid waiver of the right to appeal (*see People v Ouchie*, 59 AD3d 926, 926; *People v Holmes*, 294 AD2d 871, 872, *lv denied* 98 NY2d 730), defendant did not object to the duration of the order of protection at sentencing and therefore failed to preserve his contention for our review (*see People v Nieves*, 2 NY3d 310, 316-317; *People v Tidd* [appeal No. 2], 81 AD3d 1405, 1406). In any event, defendant's contention is without merit inasmuch as, when defendant was sentenced on November 18, 2011, CPL 530.13 former (4) provided in relevant part that the maximum duration of an order of protection was eight years from the end of any determinate term of incarceration actually imposed.

Defendant further contends that the order of protection should be vacated because Supreme Court failed to articulate its reasons for issuing it. "Even assuming, arguendo, that defendant's contention survives the plea and the valid waiver of the right to appeal . . . ,

we conclude that it is not preserved for our review inasmuch as defendant failed to object to the order of protection at sentencing" (*People v Kulyeshie*, 71 AD3d 1478, 1479, *lv denied* 14 NY3d 889; *see Nieves*, 2 NY3d at 316-317). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Contrary to the contention of defendant in his pro se supplemental brief, the court did not err in resentencing him, inasmuch as the court thereby acted within its inherent power to correct an illegal sentence (*see People v McCoy*, 98 AD3d 1135, 1136, *lv denied* 20 NY3d 933; *see generally People v DeValle*, 94 NY2d 870, 871-872). Here, the record establishes that the court initially directed that defendant's sentence be served concurrently with his unexpired parole time. After realizing that concurrent sentences were illegal in that situation (*see* Penal Law § 70.25 [2-a]), the court resentenced defendant on the same day, directing that the sentence be served consecutively to the unexpired part of his prior sentence. We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that they are without merit.

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court