■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC BONAVENTURE, Appellant. [985 NYS2d 764]—

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 12, 2012, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In full satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. He thereafter was sentenced as a prior felony offender to nine years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.

Defendant's sole contention on appeal is that he was illegally sentenced as a prior felony offender due to County Court's failure to advise him of the right to challenge the allegations in the predicate felony statement, including the right to challenge the constitutional basis for the prior conviction. Contrary to defendant's contention, however, "County Court was not obligated to expressly advise defendant of his right to contest the constitutionality of the prior conviction" (*People v Smith*, 121 AD2d 771, 772 [1986] [citations omitted]; *accord People v Wood*, 108 AD3d 932, 932-933 [2013]). Moreover, the record reflects that, upon being questioned by County Court at sentencing, defense counsel admitted the prior conviction on defendant's behalf and informed the court that defendant did not contest the allegations in the prior felony statement. Further, when questioned directly by County Court, defendant admitted the prior conviction for attempted criminal possession of a controlled substance in the fourth degree. Accordingly, we conclude that the statutory requirements of CPL 400.21 (3) were substantially complied with, and County Court properly sentenced defendant as a prior felony offender (*see People v Wood*, 108 AD3d at 933).

Stein, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.