McCarthy, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 3, 2012, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.
Police officers arrested defendant based upon a report by the victim that he assaulted her at their residence. During his arraignment, City Court issued and had defendant served with an order of protection prohibiting him from having any contact with the victim or going to her residence. Later that day, police received another call from the victim’s residence regarding a second incident and, in responding to that call, found defendant standing in a parking lot adjacent to her residence. Defendant was subsequently charged with strangulation in the second degree and assault in the second degree (two counts) with respect to the first report and criminal contempt in the first degree with respect to the later report. Following a trial, the jury convicted defendant of criminal contempt in the first degree and acquitted him of the other counts. County Court sentenced defendant, as a second felony offender, to a term of 2 to 4 years in prison. Defendant appeals.
The verdict convicting defendant of criminal contempt in the first degree was not against the weight of the evidence. The People were required to prove that defendant “ha[d] actual knowledge [of an order of protection] because he . . . was present in court when such order was issued” and that, in violation of that order, defendant, “with intent to harass, annoy, threaten *1189 or alarm [the victim], str[uck], shove[d], kick[ed] or otherwise subject [ed the victim] to physical contact or attempt [ed] or threatened] to do the same” (Penal Law § 215.51 [b] [v]). A police officer testified that City Court informed defendant that he was not to have contact with the victim and that he was not to go to her residence, except while accompanied by law enforcement and for the limited purpose of retrieving his property. The officer also testified that defendant signed the order of protection and was served with a copy of it, as well as a notice of property retrieval, both of which contained language consistent with the court’s instructions. A second police officer testified that she separately explained to defendant that he would need police assistance if he wished to retrieve his property from the victim’s residence and that he indicated that he understood this requirement. The victim and her friend both testified that, later that day, defendant returned to and entered the victim’s residence. The friend also testified that, after defendant’s arrival and while he was arguing with the victim, defendant “cocked his arm back,” prompting the friend to physically intervene and, with the help of the victim, push defendant out of the residence. Giving deference to the jury’s credibility determinations that defendant was informed of the order of protection while in court, that he proceeded to violate the order by having contact with the victim and entering her home without police accompaniment, and that he either attempted to or threatened to strike the victim, we find that the weight of the evidence supports the conviction (see People v Audi, 88 AD3d 1070, 1072-1073 [2011], lv denied 18 NY3d 856 [2011]; People v McCowan, 45 AD3d 888, 889-890 [2007], lv denied 9 NY3d 1007 [2007]).
Defendant’s additional contention that he was improperly sentenced as a second felony offender is not preserved for this Court’s review due to his failure to object in this regard at sentencing (see People v Gathers, 106 AD3d 1333, 1333-1334 [2013], lv denied 21 NY3d 1073 [2013]; People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]; see generally People v Nieves, 2 NY3d 310, 315-316 [2004]). In any event, a predicate felony statement was provided to defendant prior to sentencing, he admitted that he had been convicted of the prior felony and he declined the opportunity to controvert any aspect of the prior conviction. Contrary to defendant’s contention, “County Court was not obligated to expressly advise defendant of his right to contest the constitutionality of the prior conviction” (People v Smith, 121 AD2d 771, 772 [1986] [citations omitted]; accord People v Wood, 108 AD3d 932, 932-933 [2013]). Under these circumstances, the court substantially complied with CPL 400.21 (3) (see People v Wood, 108 AD3d at 933; People v Gathers, 106 AD3d at 1334).
*1190 Lahtinen, J.E, Rose, Egan Jr. and Lynch, JJ., concur.
Ordered that the judgment is affirmed.