*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    105791
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                    MEMORANDUM AND ORDER

BRIAN E. DENSMORE,
               Appellant.
_____

Calendar Date:  June 5, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

     Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.

     D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

_____

Devine, J.

     Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 18, 2012, convicting defendant upon his plea of guilty of the crimes of rape in the second degree (four counts).

     In satisfaction of a 10-count indictment, defendant pleaded guilty to four counts of rape in the second degree.  County Court thereafter sentenced defendant, as a second felony offender, to an aggregate prison term of 17 years followed by 15 years of postrelease supervision.  Defendant appeals and we affirm.

     We reject defendant's contention that he was improperly adjudicated as a second felony offender inasmuch as County Court

was not obligated to expressly advise him that he had the right to challenge the constitutionality of his prior conviction (see People v Wood, 108 AD3d 932, 932-933 [2013]; People v Smith, 121 AD2d 771, 772 [1986]).  To the contrary, where defendant was provided with a predicate felony statement, declined to controvert the allegations contained therein and admitted to the prior conviction for criminal mischief in the second degree, we find that the court substantially complied with the dictates of CPL 400.21 (3) and that defendant was properly sentenced as a second felony offender (see People v Wood, 108 AD3d at 933; People v Ellis, 53 AD3d 776, 777 [2008]).

Finally, although certain comments by County Court during sentencing could be characterized as intemperate, given the nature of defendant's crimes — unprotected intercourse with four different girls under the age of 15 after befriending them for that express purpose — we find no abuse of discretion or extraordinary circumstances that would warrant a reduction of his sentence in the interest of justice (see People v Olson, 110 AD3d 1373, 1377 [2013]; People v Beliard, 101 AD3d 1236, 1239 [2012], lv denied 20 NY3d 1096 [2013]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court