Lahtinen, J.P.
Appeal from a judgment of the County Court of Ulster County (Williams, J), rendered January 2, 2013, convicting defendant upon her plea of guilty of the crime of aggravated criminal contempt.
Defendant pleaded guilty to a superior court information charging her with aggravated criminal contempt, and further waived her right to appeal from the conviction and sentence. County Court agreed to sentence her, as a second felony offender, to a prison term of 2½ to 5 years. Defendant now appeals.
We affirm. Defendant does not challenge the validity of her appeal waiver, which we find to have been entered into in a knowing, intelligent and voluntary manner. She does argue that County Court did not comply with CPL 400.21 when it failed to explicitly inquire into whether she wished to challénge the constitutionality of her prior conviction. While that contention survives her appeal waiver (see People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]), it is without merit (see People v Densmore, 120 AD3d 844, 845 [2014]; People v Wilkins, 118 AD3d 1038, 1039 [2014], lv denied 24 NY3d 965 [2014]; People v Bonaventure, 117 AD3d 1281, 1282 [2014]). Inasmuch as defense counsel indicated that defendant did not wish to controvert the allegations in the prior felony information, and defendant herself admitted that she had been convicted of the crime in question, County Court substantially complied with the provisions of CPL 400.21 (3) (see id.).
*1341 Defendant’s remaining challenge to the severity of the agreed-upon sentence is precluded by her appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]).
Garry, Rose and Devine, JJ., concur.
Ordered that the judgment is affirmed.