## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 5, 2015                    106116
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ERIC DAVIS,
                        Appellant.
_____


Calendar Date:   September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Terrence M. Kelly, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                        _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered March 26, 2013, upon a verdict convicting
defendant of the crimes of criminal contempt in the first degree
and endangering the welfare of a child (three counts).

        Defendant was charged in an eight-count indictment with
identity theft in the first degree, grand larceny in the third
degree, criminal possession of stolen property in the fourth
degree (two counts), aggravated criminal contempt and endangering
the welfare of a child (three counts).  The charges stemmed from
an incident that occurred in June 2012, during the course of
which defendant – in violation of an admittedly valid order of
protection – entered the home of his former girlfriend
(hereinafter the victim) and assaulted her in front of her three

minor children.  Following a jury trial, defendant was convicted of criminal contempt in the first degree[1] and three counts of endangering the welfare of a child and was acquitted of the remaining charges.  Defendant thereafter was sentenced to an aggregate prison term of 1½ to 3 years.  This appeal ensued.

Defendant initially contends that the underlying convictions are not supported by legally sufficient evidence and, further, are against the weight of the evidence.  Inasmuch as defendant's motion for a trial order of dismissal was expressly limited to the three counts of the indictment charging him with endangering the welfare of a child, defendant's legal sufficiency claim relative to his conviction of criminal contempt in the first degree is unpreserved for our review (see People v Simmons, 115 AD3d 1018, 1019 [2014]).  That said, our weight of the evidence review "necessarily includes our verification that the elements of the crime were established" (People v Wingo, 103 AD3d 1036, 1036 [2013], lv denied 21 NY3d 1021 [2013]; see People v Pine, 126 AD3d 1112, 1114 [2015]).  As is relevant here, "[a] person is guilty of criminal contempt in the first degree when . . . in violation of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, . . . he or she . . . with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, strikes, shoves, kicks or otherwise subjects such other person to physical contact or attempts or threatens to do the same" (Penal Law

---

[1]  Although not addressed by the parties, criminal contempt in the first degree is not a lesser included offense of aggravated criminal contempt in the first degree (see People v Hira, 100 AD3d 922, 924 [2012], lv denied 21 NY3d 943 [2013]; People v Wilmore, 305 AD2d 117, 118 [2003], lv denied 100 NY2d 589 [2003]) and, therefore, County Court inaccurately characterized the offense as such in its charge to the jury.  Defendant, however, failed to object to the charge as given and, therefore, has waived any issue in this regard (see People v Ford, 62 NY2d 275, 282-283 [1984]; see also People v Mitchell, 39 AD3d 357, 358 [2007], affd 10 NY3d 819 [2008]; People v Cuadrado, 37 AD3d 218, 220 [2007], affd 9 NY3d 362 [2007]).

§ 215.51 [b] [v]; see People v Dixon, 118 AD3d 1188, 1188-1189 [2014]).  Additionally, a person is guilty of endangering the welfare of a child when, among other things, "[h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]).

Preliminarily, defendant does not dispute that he violated a valid no-contact order of protection by appearing at the victim's home on the day in question.  Rather, defendant argues that the record fails to establish that — with the requisite intent — he subjected the victim to physical contact or threatened to do the same.  We disagree.

The victim testified at length regarding the details of the underlying assault.  Specifically, the victim recounted that, on the day in question, she confronted defendant regarding certain moneys that were missing from her bank accounts.  As the conversation, which began in the victim's bedroom, progressed, "[t]hings escalated," and defendant slapped the victim in the face.  The victim then called 911, in response to which defendant slapped her again, grabbed her, threw her on the bed and began hitting and choking her.  The victim's three minor children, who had been watching television in their bedroom, heard the commotion and began screaming and begging defendant to let go of their mother.  According to the victim, defendant then dragged her out into the hallway of the residence, where he slapped her and slammed her up against the wall.  When defendant heard the police at the door, he punched the victim's jaw and ear, pushed the victim's children aside and fled through a bedroom window. The victim's testimony made clear that each of her children witnessed much of what transpired, including "watching their mother get the life beat out of her" by defendant.  The victim's testimony was corroborated in certain respects by the testimony of the responding police officers, as well as the victim's medical records.

As noted previously, defendant concedes that he violated the underlying order of protection by being present in the victim's residence on the day in question.  As to the remaining elements, intent may be inferred from the surrounding

circumstances (cf. <u>Matter of Vanita UU. v Mahender VV</u>., 130 AD3d 1161, 1166 [2015]; <u>see generally</u> <u>People v McLean</u>, 128 AD3d 1106, 1108 [2015], <u>lv denied</u> 25 NY3d 1204 [2015]) and, in light of the victim's testimony as to the manner in which defendant slapped, hit, choked and/or punched her, which the jury was entitled to credit as to the sustained charges (<u>see</u> <u>People v Beliard</u>, 101 AD3d 1236, 1239 [2012], <u>lv denied</u> 20 NY3d 1096 [2013]; <u>People v Hoppe</u>, 96 AD3d 1157, 1159 [2012], <u>lv denied</u> 19 NY3d 1026 [2012]), we discern no basis upon which to disturb the jury's verdict convicting defendant of the crimes of criminal contempt in the first degree (<u>see</u> <u>People v Dixon</u>, 118 AD3d at 1188-1189) and endangering the welfare of a child (three counts) (<u>see</u> <u>People v Lawing</u>, 110 AD3d 1354, 1355-1356 [2013], <u>lv denied</u> 22 NY3d 1200 [2014]; <u>People v Bell</u>, 80 AD3d 891, 891 [2011]; <u>People v Bray</u>, 46 AD3d 1232, 1234 [2007]).

Finally, to the extent that defendant takes issue with the scope of the missing witness charge given by County Court, we need note only that, inasmuch as defendant "did not object to the charge that was given or request different language," this issue is unpreserved for our review (<u>People v Watkins</u>, 121 AD3d 1425, 1427 [2014], <u>lvs denied</u> 24 NY3d 1123, 1124 [2015]; <u>cf.</u> <u>People v Quinones</u>, 41 AD3d 868, 868 [2007], <u>lv denied</u> 9 NY3d 1008 [2007]), and we decline defendant's invitation to set aside the jury's verdict in the interest of justice. Accordingly, the judgment of conviction is affirmed.

Lahtinen, J.P., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court