Appeal from a judgment of the County Court of Tompkins County (Rossiter, J.), rendered July 19, 2013, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts), criminal use of a firearm in the second degree, conspiracy in the fourth degree and petit larceny.
Following a jury trial, defendant was convicted of robbery in the second degree (two counts), criminal use of a firearm in the second degree, conspiracy in the fourth degree and petit larceny. Pursuant to a predicate felony statement filed by the prosecution, County Court sentenced defendant as a second *1070 felony offender and imposed concurrent prison terms of eight years followed by five years of postrelease supervision on each of the robbery convictions and the criminal use of a firearm conviction, IV2 to 3 years on the conspiracy conviction and time served for the petit larceny conviction. Defendant now appeals.
Defendant’s contention that he was improperly sentenced as a second felony offender due to County Court’s failure to comply with the provision of CPL 400.21 (3) requiring an inquiry as to whether defendant wanted to controvert any of the allegations in the predicate felony statement is unpreserved for our review given the lack of an objection by defendant at sentencing (see People v Dixon, 118 AD3d 1188, 1189 [2014]). In any event, “County Court was not obligated to expressly advise defendant of his right to contest the constitutionality of the prior conviction” (id. at 1189 [internal quotation marks and citations omitted]). Moreover, the record reflects that defendant was provided with a copy of the predicate felony statement, was given an opportunity to be heard and acknowledged that he understood his status as a predicate felon for sentencing purposes. Under these circumstances, we find that there was substantial compliance with the statute (see People v Wood, 108 AD3d 932, 933 [2013]). With respect to defendant’s contention that the sentence is harsh and excessive, we find no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Castellano, 100 AD3d 1256, 1258 [2012], lv denied 20 NY3d 1096 [2013]; People v Holman, 53 AD3d 775, 776 [2008]).
Peters, P.J., McCarthy, Garry and Clark, JJ., concur.
Ordered that the judgment is affirmed.