■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BERRY, Appellant. [56 NYS3d 476]—

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 27, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a five-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. Pursuant to the plea agreement, County Court sentenced defendant, as a second felony drug offender, to a prison term of eight years with three years of postrelease supervision. Defendant appeals.

We affirm. Defendant's contention on appeal, that he was improperly sentenced as a predicate felony offender, survives his appeal waiver but was not preserved due to his failure to object at sentencing despite an opportunity to do so (*see People*

*v Woods*, 147 AD3d 1156, 1157 [2017], *lv denied* 29 NY3d 1089 [June 14, 2017]; *People v Lowell*, 126 AD3d 1235, 1235 [2015], *lv denied* 25 NY3d 1167 [2015]).* Defendant was advised during the plea allocution that he was, potentially, a persistent felony offender, and thereafter provided with a copy of the predicate felony offender information. At sentencing, defense counsel affirmed that defendant did not wish to controvert the allegations in the information and did not have any constitutional or other challenge to the conviction, and defendant then admitted the conviction. Given these circumstances, we are satisfied that there was substantial compliance with the applicable requirements and that corrective action in the interest of justice is not warranted (*see* CPL 400.21; *People v Woods*, 147 AD3d at 1157; *People v Melton*, 136 AD3d 1069, 1070 [2016], *lv denied* 27 NY3d 1002 [2016]; *People v Jones*, 47 AD3d 1121, 1122 [2008], *lv denied* 10 NY3d 865 [2008]).

McCarthy, J.P., Garry, Egan Jr., Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed.

---

* Where the appellate claim is that the sentence is unauthorized and, therefore, illegal, as readily discernible from the face of the record, preservation is not required (*see People v Samms*, 95 NY2d 52, 55-58 [2000]; *People v Martinez*, 130 AD3d 1087, 1088 [2015], *lv denied* 26 NY3d 1010 [2015]). Here, however, defendant's claim is to the procedures employed and not whether he qualifies as a predicate offender.