■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant. [63 NYS3d 904]—

Lynch, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 24, 2014, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant was charged in an indictment with numerous crimes arising from an incident in which he engaged in forcible sexual intercourse with an 80-year-old woman. In satisfaction thereof, he pleaded guilty to rape in the first degree and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to 20 years to life in prison if it was established that he was a persistent violent felony offender. In this regard, a persistent violent felony offender statement was provided to County Court alleging that defendant had prior felony convictions for manslaughter in the first degree and burglary in the first degree. The statement was given to defense counsel at sentencing and County Court afforded him an opportunity to review it with defendant. After doing so, defense counsel indicated that there were no objections to the statement and defendant admitted that he committed the felonies set forth therein. County Court proceeded to sentence defendant as a persistent violent felony offender to 20 years to life in prison. He now appeals.

Defendant contends that County Court failed to comply with the procedural requirements set forth in the Criminal Procedure Law in sentencing him as a persistent violent felony offender and that, consequently, the sentence imposed is illegal. Preliminarily, we note that although defendant's claim is not precluded by his waiver of the right to appeal, it has not been preserved for our review due to his failure to object at sentenc-

ing (see *People v Berry*, 152 AD3d 1080, 1080-1081 [2017]; *People v Hartfield*, 151 AD3d 1116, 1118 [2017], *lv denied* 29 NY3d 1127 [2017]). In any event, were we to consider it, we would find it to be without merit. In accordance with CPL 400.16 (2), defendant was provided with a predicate felony statement setting forth the prior violent felonies that he allegedly committed (see CPL 400.15 [2]).* Although the statement was not provided to him until sentencing, defendant was advised of his potential persistent violent felony offender status during the plea proceedings and was given an opportunity to review the statement with counsel before the sentence was pronounced. Notably, when County Court inquired whether defendant had any objections to the statement, his counsel responded in the negative, and defendant admitted that he committed the violent felonies listed. In view of the foregoing, if the issue were before us, we would find that there was substantial compliance with the statutory requirements (see *People v Berry*, 152 AD3d at 1081; *People v Hartfield*, 151 AD3d at 1118; *see also People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Johnson*, 91 AD3d 1115, 1115 [2012], *lv denied* 18 NY3d 959 [2012]).

McCarthy, J.P., Egan Jr., Rose and Rumsey, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant erroneously relies upon the provisions of CPL 400.20, governing sentencing for persistent felony offenders, instead of CPL 400.16, which applies to sentencing for persistent violent felony offenders.