Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 1, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
 

 Defendant waived indictment and pleaded guilty to criminal possession of a controlled substance in the fifth degree pursuant to a plea agreement that required him to execute a waiver of appeal. Defendant was sentenced as a second felony offender to three years in prison, to be followed by three years of post-release supervision. Defendant now appeals.
 

 We affirm. Defendant’s claim that County Court failed to advise him that he could controvert the allegations contained in the prior felony information and that he was, therefore, improperly sentenced as a second felony offender survives his unchallenged waiver of the right to appeal, but is unpreserved due to his failure to object at sentencing despite having the opportunity to do so (see People v Berry, 152 AD3d 1080, 1080-1081, 1081 n [2017]; People v Woods, 147 AD3d 1156, 1157 [2017], lv denied 29 NY3d 1089 [2017]; cf. People v Murdie, 134 AD3d 1353, 1354 [2015]). In any event, defendant was provided with a copy of the prior felony information, indicated that he would not contest the allegations therein and admitted the predicate conviction at sentencing. Accordingly, were the issue properly before us, we would conclude that County Court substantially complied with the requirements of CPL 400.21 (3) (see People v Thorpe, 141 AD3d 927, 935 [2016], lv denied 28 NY3d 1031 [2016]; People v Wilkins, 118 AD3d 1038, 1039 [2014], lv denied 24 NY3d 965 [2014]; People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]).
 

 Egan Jr., J.P., Lynch, Rose, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.