People v Sharpe (2018 NY Slip Op 01677)





People v Sharpe


2018 NY Slip Op 01677


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108331

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDREW R. SHARPE, Appellant.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Adam W. Stone of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 23, 2015, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant was charged in a four-count indictment with burglary in the second degree and other crimes stemming from his unlawful entry into a home, during which he stole a safe. Pursuant to a plea agreement, which required that defendant waive his right to appeal, he pleaded guilty to the reduced charge of attempted burglary in the second degree. Consistent with the agreement, defendant was sentenced, as an admitted persistent violent felony offender, to a prison term of 12 years to life. Defendant now appeals.
We affirm. Defendant's contention on appeal that the

agreed-upon sentence is harsh and excessive is precluded by his knowing, voluntary and intelligent waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Tulip, 150 AD3d 1564, 1565-1566 [2017]; People v Belile, 137 AD3d 1460, 1461 [2016]; cf. People v Bradshaw, 18 NY3d 257, 265 [2011]). To that end, County Court advised defendant that an appeal waiver was a condition of the plea agreement, made clear the "separate and distinct" nature of the right to appeal and the appellate rights that survive the waiver, and ascertained that defendant had no questions (People v Lopez, 6 NY3d at 256; see People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]; People v Tulip, 150 AD3d at 1565). Defendant then read and executed a detailed written waiver of appeal in open court, confirming that he had sufficient time to discuss it with counsel and understood it. Accordingly, we find that defendant's combined oral and written waiver of appeal is valid, foreclosing this challenge (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Webb, 157 AD3d 1132, 1132 [2018]).
Further, defendant's related claim regarding the nonmandatory nature of persistent felony offender sentencing was not preserved by an objection at sentencing (see People v Ortiz, 155 AD3d 1241, 1241-1242 [2017]). In any event, were we to address this issue, we would reject it. The record reflects that the plea offer provided that defendant would be sentenced as a persistent violent felony offender, a status he admitted, and that he would receive the minimum 12-year sentence for that status, with life in prison as the required maximum (see Penal Law § 70.08 [2], [3] [c]). The People complied with the requirements of CPL 400.16 and the terms of the plea agreement, and defendant agreed to those terms and did not controvert the allegations in the predicate felony offender statement.
Garry, P.J., McCarthy, Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.