People v Montague (2019 NY Slip Op 02750)





People v Montague


2019 NY Slip Op 02750


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

108733

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
VERNON MONTAGUE, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal, by permission, from an order of the County Court of Albany County (Lynch, J.), entered August 23, 2016, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crime of criminal possession of a controlled substance in the third degree, without a hearing.
On April 16, 2002, defendant was convicted of criminal sale of a controlled substance in the third degree, a felony, and sentenced to a conditional discharge requiring him to attend a drug treatment program. After absconding from the drug treatment program and violating the conditions of his conditional discharge, defendant was resentenced on March 16, 2005 to a prison term of 1¼ to 4 years and, on December 30, 2005, released on parole supervision. In February 2014, defendant was indicted for several drug-related offenses, and, on March 25, 2015, defendant, in full satisfaction of the indictment, pleaded guilty to criminal possession of a controlled substance in the third degree. On May 20, 2015, defendant was sentenced, as a second felony offender, to an agreed-upon prison term of seven years, to be followed by three years of postrelease supervision. Thereafter, defendant twice moved pro se pursuant to CPL 440.20 to set aside his sentence on the basis that he was improperly adjudicated as a second felony offender because his prior felony was outside of the 10-year look-back period (see Penal Law § 70.06 [1]). In separate February 2016 and August 2016 orders, County Court denied the motions without a hearing, and defendant now appeals, by permission, from the August 2016 order.
The People concede, and we agree, that County Court unlawfully sentenced defendant as a second felony offender pursuant to Penal Law § 70.06. As relevant here, when determining whether a prior felony constitutes a predicate felony conviction for purposes of being sentenced as a second felony offender, the "sentence [for the prior felony conviction] must have been imposed not more than [10] years before commission of the felony of which the defendant presently stands convicted" (Penal Law § 70.06 [1] [b] [iv]; see People v McNeill, 133 AD2d [*2]506, 507 [1987], lv denied 70 NY2d 934 [1987]). In addition, a prior "sentence of conditional discharge . . . shall be deemed to be a sentence" (Penal Law § 70.06 [1] [b] [iii]).
Here, County Court erred in determining that the controlling date for the prior felony conviction is the March 2005 resentencing and not the April 2002 original sentence of a conditional discharge that was imposed with respect to that crime (see Penal Law § 70.06 [1] [b] [iii]; People v Thompson, 26 NY3d 678, 686-687 [2016]; People v Khapesi, 138 AD3d 622, 622 [2016], lvs denied 27 NY3d 1150, 1152 [2016]). Inasmuch as the underlying felony was committed on February 2, 2014, as alleged in the indictment, the April 2002 sentence for the predicate felony was well beyond the 10-year look-back period (see Penal Law § 70.06 [1] [b] [iv])[FN1]. Accordingly, defendant was unlawfully sentenced as a second felony offender, and we therefore vacate the second felony offender adjudication and remit for resentencing.
Garry, P.J., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, motion granted, and matter remitted to the County Court of Albany County for resentencing.



Footnotes

Footnote 1: Although the record reflects that defendant was incarcerated for certain periods of time between April 16, 2002 and February 2, 2014, which would be excluded from, or toll, the 10-year look-back period (see Penal Law § 70.06 [1] [b] [v]; People v Richardson, 132 AD3d 1022, 1023 [2015]; People v Holman, 53 AD3d 775, 776 [2008]; People v Gannon, 301 AD2d 873, 873 [2003]), the People concede that the sum total of days that defendant was incarcerated during this time period was not enough time for the prior felony to come within the 10-year look-back period.