People v Huntley (2019 NY Slip Op 07957)





People v Huntley


2019 NY Slip Op 07957


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109718

[*1]The People of the State of New York, Respondent,
v
Niquasia Huntley, Also Known as Quada, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Mark A. Diamond, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered August 7, 2017, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.
In full satisfaction of an 11-count indictment, defendant pleaded guilty to robbery in the first degree and waived her right to appeal. County Court then sentenced her, as a second felony offender and in accordance with the terms of the plea agreement, to a prison term of nine years, followed by five years of postrelease supervision, and issued an order of protection in favor of the victim. Defendant appeals.
Defendant initially contends that her plea was not knowing, voluntary and intelligent because her factual allocution did not establish each element of robbery in the first degree. Essentially, this amounts to a challenge to the factual sufficiency of the plea allocution that, despite defendant's contention to the contrary, is precluded by her unchallenged waiver of the right to appeal (see People v Hummel-Parker, 171 AD3d 1397, 1398 [2019]; People v Peryea, 169 AD3d 1120, 1121 [2019], lv denied 33 NY3d 980 [2019]). To the extent that defendant's contention constitutes a challenge to the voluntariness of her plea, which survives even a valid appeal waiver, it is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite ample time to do so prior to sentencing (see People v Favreau, 174 AD3d 1226, 1227 [2019]; People v Putman, 169 AD3d 1114, 1115 [2019]), and the narrow exception to the preservation requirement was not triggered here (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
Defendant next claims that County Court failed to comply with the requirements of CPL 530.13 (4) by not articulating its reasons for issuing the subject order of protection. Assuming that this argument survives defendant's unchallenged waiver of the right to appeal (see People v Collins, 117 AD3d 1535, 1535 [2014], lv denied 24 NY3d 1082 [2014]; People v Kulyeshie, 71 AD3d 1478, 1479 [2010], lv denied 14 NY3d 889 [2010]), it is also not preserved as defendant failed to raise this issue at sentencing and did not move to amend the final order of protection on this ground (see People v Bryant, 132 AD3d 502, 502 [2015], lv denied 26 NY3d 1086 [2015]; People v Fortier, 130 AD3d 642, 643 [2015], lv denied 26 NY3d 967 [2015]), and the illegal sentence exception to the preservation rule is inapplicable (see People v Nieves, 2 NY3d 310, 315-317 [2004]). In any event, the Criminal Procedure Law only imposes such requirement upon the court when, unlike here, a temporary order of protection was initially issued (see CPL 530.13 [4]).
Lastly, defendant's claim that she was illegally sentenced as a second felony offender because County Court did not comply with the requirements of CPL 400.21 (3) survives the appeal waiver (see People v Callahan, 80 NY2d 273, 280 [1992]; People v Parker, 121 AD3d 1190, 1190 [2014]; People v Ladson, 30 AD3d 836, 837 [2006], lv denied 7 NY3d 814 [2006]), but it is unpreserved for our review given the lack of an objection by defendant at sentencing (see People v Stewart, 156 AD3d 1059, 1059 [2017]; People v Melton, 136 AD3d 1069, 1070 [2016], lv denied 27 NY3d 1002 [2016]; People v Jackson, 114 AD3d 807, 809 [2014], lv denied 22 NY3d 1199 [2014]). In any event, the court was not obligated to expressly advise defendant of her right to contest the constitutionality of the prior conviction (see People v Melton, 136 AD3d at 1070; People v Dixon, 118 AD3d 1188, 1189 [2014]); defendant was provided with notice of her predicate felony conviction prior to sentencing, given an opportunity to be heard regarding as much and, upon the court's inquiry, admitted that she was the person convicted of the felony in the predicate felony statement. Thus, under these circumstances, we would find that there was substantial compliance with CPL 400.21 (3) (see People v Stewart, 156 AD3d at 1059; People v Thorpe, 141 AD3d 927, 935 [2016], lv denied 28 NY3d 1031 [2016]; People v Densmore, 120 AD3d 844, 845 [2014]; People v Morse, 111 AD3d 1161, 1161 [2013], lv denied 23 NY3d 1040 [2014]; People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]).
Garry, P.J., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.