People v Howell (2019 NY Slip Op 08735)





People v Howell


2019 NY Slip Op 08735


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

109792

[*1]The People of the State of New York, Respondent,
v
Adrian Howell, Appellant.

Calendar Date: November 8, 2019

Before: Garry, P.J., Lynch, Clark and Mulvey, JJ.


Del Atwell, East Hampton, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 25, 2017, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
In full satisfaction of a multicount indictment, defendant agreed to plead guilty to one count of promoting prison contraband in the first degree with the understanding that he would be sentenced to a prison term of 3 to 6 years — said sentence to be served consecutively to one that he then was serving. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement and thereafter was sentenced as a second felony offender to the contemplated term of imprisonment. This appeal ensued.
We affirm. To the extent that defendant challenges the validity of his waiver of the right to appeal, we find that defendant knowingly, intelligently and voluntarily waived such right. County Court explained the separate and distinct nature of the waiver and, in response to County Court's inquiry, defendant confirmed his understanding thereof (see People v Hunt, 176 AD3d 1253, 1253 [2019]; People v Fedderman, 170 AD3d 1279, 1280 [2019]; People v Taft, 169 AD3d 1266, 1266-1267 [2019], lv denied 33 NY3d 1074 [2019]). Additionally, defendant executed a detailed written waiver in open court, acknowledged that he had reviewed the waiver with counsel and indicated that he had no questions relative thereto (see People v Stebbins, 171 AD3d 1395, 1396 [2019], lv denied 33 NY3d 1108 [2019]; People v Ward, 171 AD3d 1312, 1313-1314 [2019], lv denied 33 NY3d 1074 [2019]; People v King, 163 AD3d 1352, 1352 [2018], lvs denied 32 NY3d 1201, 1204, 1206 [2019]). Under these circumstances, we find that defendant's waiver of the right to appeal was valid. In light of the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is precluded (see People v Bayne, 175 AD3d 1722, 1723 [2019]; People v Greene, 171 AD3d 1407, 1408 [2019]).
Defendant's remaining argument — that County Court failed to follow the procedures outlined in CPL 400.21 when sentencing defendant as a second felony offender — survives defendant's valid appeal waiver but is unpreserved for our review due to defendant's failure to raise any objection in this regard at the time of sentencing (see People v Quinones, 162 AD3d 1402, 1402-1403 [2018]; People v Stewart, 156 AD3d 1059, 1059 [2017]; People v Hartfield, 151 AD3d 1116, 1118 [2017], lv denied 29 NY3d 1127 [2017]). Were we to address this issue, we would find it to be lacking in merit. The People provided a predicate felony statement prior to the imposition of sentence (see CPL 400.21 [2]), and defendant thereafter declined to controvert the contents thereof (see People v Quinones, 162 AD3d at 1403). Under these circumstances, we would find that there was substantial compliance with the requirements of CPL 400.21.
Garry, P.J., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.