People v Hernandez (2023 NY Slip Op 00503)

People v Hernandez

2023 NY Slip Op 00503

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Ind No. 3793/15 Appeal No. 17243 Case No. 2019-391 

[*1]The People of the State of New York, Respondent,
v
Mitchell Hernandez, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), and Kaplan Hecker & Fink LLP, New York (Alexandra K. Conlon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered April 20, 2017, convicting defendant, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.
The court's Sandoval ruling, which precluded inquiry into a large part of defendant's criminal record, balanced the appropriate factors and was a proper exercise of discretion (see People v Smith, 18 NY3d 588, 593-594 [2012]; People v Hayes, 97 NY2d 203 [2002]; People v Pavao, 59 NY2d 282, 292 [1983]). The court providently exercised its discretion in permitting inquiry into defendant's 1997 robbery conviction, notwithstanding its similarity to the present offense, and in permitting carefully limited inquiry into sexual abuse committed at the time of the robbery, because these acts demonstrated defendant's willingness to place his own interests above those of society. The conviction was not remote in time, especially because of defendant's lengthy intervening incarceration. In any event, any error in this ruling was harmless (see People v Crimmins, 36 NY2d 230 [1975]; see also People v Grant, 7 NY3d 421, 425 [2006]). Defendant did not preserve his claim that the ruling deprived him of his right to testify and present a defense, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see Luce v United States, 469 US 38 [1984]).
The court also providently exercised its discretion when it granted the People's request that defendant be directed to remove his glasses before the victim was asked to make an in-court identification, and this did not render the identification unduly suggestive or otherwise cause any prejudice. This action tended to ensure that the in-court identification was reliable, because the glasses appeared to be obscuring defendant's face, and the perpetrator had not worn glasses (see People v Perry, 251 AD2d 895, 897 [3d Dept 1998], lv denied 94 NY2d 827 [1999]; People v Green, 121 AD2d 739, 739-40 [2d Dept 1986], lv denied 68 NY2d 813 [1986]). We note that in identification procedures, a suspect may be required, where appropriate, to make a change of appearance in aid of a reliable identification (see e.g. Matter of Ford v Kreindler, 206 AD2d 425 [2d Dept 1994][shaving beard before lineup]; People v La Placa, 127 AD2d 610 [2d Dept 1987][same]). In any event, any error was harmless.
There was ample evidence of defendant's identity, including the victim's lineup identification of defendant and surveillance video in which defendant's face, without glasses, was visible.
The court correctly adjudicated defendant a persistent violent felony offender. A presentence period of incarceration on his 1991 conviction tolled the 10-year lookback period, and his arguments to the contrary are unavailing (see People v Cortez, 231 AD2d 450, 451 [1st Dept 1996], [*2]lv denied 89 NY2d 863 [1996]; see also People v Anonymous, 158 AD3d 577, 578 [1st Dept 2018], lv denied 31 NY3d 1077 [2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023